# CORPORATIONS—CONSTITUTIONAL LAW—STOCKHOLDER'S LIABILITY.

[Mahoning (7th) Circuit Court, March Term, 1905.]

Cook, Burrows and Laubie, JJ.

## SWIFT & CO. v. YOUNGSTOWN BAKING CO. ET AL.

ACT OF THE GENERAL ASSEMBLY OF APRIL 29, 1902, AMENDING AND REPEALING ORIGINAL SEC. 3258 IS UNCONSTITUTIONAL.

The act of the general assembly of April 29, 1902, amending and repealing Lan. R. L. 5202 (R. S. 3258), fixing the liability of stockholders of a corporation, so far as it amends and repeals original Sec. 3258, is in violation of Sec. 3, Art. 13 of the constitution of the state.

APPEAL from Mahoning common pleas court.

**W. W. Zimmerman,** for plaintiff:

The amendment of November, 1903, to the constitution, does not terminate actions for stockholder's liability which accrued previous to its adoption or proclamation. *Brown v. Hitchcock,* 36 Ohio St. 667; *Kulp v. Fleming,* 65 Ohio St. 321 [62 N. E. Rep. 334; 87 Am. St. Rep. 611]; *Wick Nat. Bank v. Bank,* 62 Ohio St. 446 [57 N. E. Rep. 320; 78 Am. St. Rep. 734]; *Edwards v. Kearzey,* 96 U. S. 595 [24 L. Ed. 793]; *Mississippi & M. Ry. v. McClure,* 77 U. S. (10 Wall.) 515 [19 L. Ed. 997].

The effort of the legislature by the acts of April, 1902 (95 O. L. 312), and April, 1904 (97 O. L. 390), in that part of the acts referring to an equal and ratable liability, was, in most of cases, to establish a less liability than the constitutional liability and these acts are therefor unconstitutional. *Wright v. McCormack,* 17 Ohio St. 86; *Umsted v. Buskirk,* 17 Ohio St. 113; *Brown v. Hitchcock,* 36 Ohio St. 677; Section 28, Art. 2 Ohio Const.

If the act of April, 1902 (95 O. L. 312), and that of April, 1904 (97 O. L. 390), are unconstitutional, the original Lan. R. L. 5202 (R. S. 3258), which these acts sought to amend, is still in force. *State v. Thrall,* 59 Ohio St. 368 [52 N. E. Rep. 785]; *State v. Buckley,* 60 Ohio St. 273 [54 N. E. Rep. 272].

Liability of defendant, Ramsey. Section 57i Bankruptcy act of 1898; Collier, Bankruptcy 379; *Harpold v. Stobart,* 46 Ohio St. 397 [21 N. E. Rep. 637; 15 Am. St. Rep. 618]; *Herrick v. Wardwell,* 58 Ohio St. 294 [50 N. E. Rep. 903].

Reserved power. *McGowan v. McDonald,* 111 Cal. 57 [43 Pac. Rep. 418; 52 Am. St. Rep. 149]; *Sleeper v. Goodwin,* 67 Wis. 577 [31

N. W. Rep. 335] ; *Gibson, In re*, 21 N. Y. 9 ; *Sherman* v. *Smith*, 66 U. S. (1 Black) 587 [17 L. Ed. 163] ; *Weidenger* v. *Spruance*, 101 Ill. 278 ; *Ireland* v. *Turnpike Co.* 19 Ohio St. 369.

**W. A. Maline & G. J. Carew, Norris, Jackson & Rose, D. F. Griffith, T. McNamara, Jr., S. M. Thompson, T. W. Sanderson** and **Anderson & Henderson,** for defendants.

**C. A. Manchester,** for defendant, Ramsey :

Constitutionality of acts in question. *Kelley* v. *State*, 6 Ohio St. 269 ; *State* v. *Sinks*, 42 Ohio St. 345 ; *Gager* v. *Prout*, 48 Ohio St. 89 [26 N. E. Rep. 1013] ; *State* v. *Jones*, 66 Ohio St. 453 [64 N. E. Rep. 424 ; 90 Am. St. Rep. 592] ; *Bronson* v. *Schneider*, 49 Ohio St. 438 [33 N. E. Rep. 233] ; *Younglove* v. *Lime Co.* 49 Ohio St. 663 [33 N. E. Rep. 234] ; Sinking Fund Cases, 99 U. S. 700 [25 L. Ed. 496] ; 26 Am. & Eng. Enc. Law (2 ed.) 641 ; 3 Thompson, Corporations Sec. 3221 ; *Chouteau Spring Co.* v. *Harris*, 20 Mo. 382 ; *Middletown Bank* v. *Magill*, 5 Conn. 28 ; *Cole* v. *Ryan*, 52 Barb. 168 ; *Cowles* v. *Cromwell*, 25 Barb. 413 ; *Miller* v. *Insurance Co.* 50 Mo. 55 ; *McClaren* v. *Franciscus*, 43 Mo. 452 ; *Johnson* v. *Underhill*, 52 N. Y. 203 ; *Grissell* v. *Bristowe*, L. R. 3 C. P. 112 ; *Huddersfield Canal Co.* v. *Buckley*, 7 Term 36 ; *Croxton's Case*, 1 De G. M. & G. 600 ; *Sutton's Case*, 3 De G. J. & S. 262 ; *Mayhew's Case*, 5 De G. M. & G. 837 ; *Allen* v. *Railway*, 11 Ala. 437 ; *Johnson* v. *Laflin*, 5 Dill 65 [13 Fed. Cas. 758] ; affirmed, *Johnston* v. *Laflin*, 103 U. S. 800 [26 L. Ed. 532] ; *Jackson* v. *Manufacturing & M. Co.* 69 Tenn. (1 Lea.) 210 ; *Merrimac Min. Co.* v. *Levy*, 54 Pa. St. 227 [93 Am. Dec. 697] ; *Billings* v. *Robinson*, 94 N. Y. 415 ; *Savage* v. *Putnam*, 32 Barb. (N. Y.) 420 ; *Tucker* v. *Gilman*, 121 N. Y. 189 [24 N. E. Rep. 302] ; *Billings* v. *Robinson*, 28 Hun (N. Y.) 122 ; *Stewart* v. *Printing & Pub. Co.* 1 Wash. St. 521 [20 Pac. Rep. 605] ; *Mason* v. *Alexander*, 44 Ohio St. 318 [7 N. E. Rep. 435] ; *Harpold* v. *Stobart*, 46 Ohio St. 397 [21 N. E. Rep. 637 ; 15 Am. St. Rep. 618] ; *Cin. H. & D. Ry.* v. *Hedges*, 63 Ohio St. 339 [58 N. E. Rep. 804] ; *Norwood (Vil.)* v. *Wooley*, 4 Circ. Dec. 274 (9 R. 195) ; *State* v. *Roosa*, 11 Ohio St. 16 ; *The Queen*, 93 Fed. Rep. 834 ; *Wilder* v. *Campbell*, 4 Idaho 695 [43 Pac. Rep. 677] ; *Young* v. *Jones*, 180 Ill. 216 [54 N. E. Rep. 235], reversing 78 Ill. App. 78 ; *Kent* v. *Bentley*, 6 Circ. Dec. 457 (10 R. 132) ; *Voting Laws, In re*, 12 R. I. 586 ; *Fordyce* v. *DuBose*, 87 Tex. 78 [26 S. W. Rep. 1050] ; *State* v. *Bradshaw*, 35 Fla. 313 [17 So. Rep. 642] ; *Walton* v. *Fudge*, 63 Mo. App. 52 ; *Walton* v. *Fudge*, 1 Mo. App. 620 ; *Kirkwood* v. *Hoxie*, 95 Mich. 62 [54 N. W. Rep. 720 ; 35 Am. St. Rep. 549] ; *Reid* v. *New York*, 139 N. Y. 534 [34 N. E. Rep. 1102], affirming *Reid* v. *New York*, 68 Hun 110 [22 N. Y. Supp. 623].

Swift v. Baking Co.

The constitutional amendment, in taking away liability as to existing debts, does not impair the obligation of contract for the reason that in the constitution of 1851, being the instrument in which double liability was created, the right was saved to alter or repeal the laws relating to corporations, as well as to amend the constitution in any respect, at any time. 26 Am. & Eng. Enc. Law (2 ed.) 1019; *Sherman v. Smith,* 66 U. S. (1 Black) 587 [17 L. Ed. 163].

Extent of Ramsey's liability. *Perry* v. *Beardslee,* 10 Mo. 568; *Thayer* v. *Tool Co.* 70 Mass. (4 Gray) 75; *Potter* v. *Machine Co.* 127 Mass. 592 [34 Am. Rep. 428]; *McDowall* v. *Sheehan,* 129 N. Y. 200 [29 N. E. Rep. 299]; *Harpold* v. *Stobart,* 46 Ohio St. 397 [21 N. E. Rep. 637; 15 Am. St. Rep. 618]; 3 Thompson, Corporations Sec. 3226; *Herrick* v. *Wardwell,* 58 Ohio St. 294 [50 N. E. Rep. 903]

## COOK, J.

This is an action to enforce the statutory liability of a stockholder of the Youngstown Baking Company, a corporation duly organized under the laws of the state of Ohio.

All the liabilities claimed upon arose between January 1, 1903, and May 2, 1903, and the principal question and really the only one that is important is: Is David M. Ramsey, as such stockholder, liable upon such claims in his individual capacity?

It is claimed that under the act of the general assembly passed April 29, 1902 (95 O. L. 312), he is not.

It will be observed that all the liabilities of this company arose subsequent to the passage of this act and that, by the terms of said act, the stockholder is not liable until the corporation becomes unable to pay the claims against it. The provision of the statute is as follows:

Laning R. L. 5202 (R. S. 3258). "The stockholders of a corporation who are the holders of its shares at a time when its debts and liabilities are enforcible against them, shall be deemed and held liable, equally and ratably, and not one for another, in addition to their stock, in an amount equal to the stock by them so held, to the creditors of the corporation, to secure the payment of such debts and liabilities; and no stockholder who shall transfer his stock in good faith, and such transfer is made on the books of the company, or on the back of the certificate of stock properly witnessed or tendered for transfer on the books of the company prior to the time when such debts and liabilities are so enforcible, shall be held to pay any portion thereof."

David M. Ramsey became a stockholder in said corporation, holding a certificate for the same in the sum of $1,500. During the time he was such stockholder debts were contracted by the corporation in a

considerable amount, but before such debts became enforcible against the stockholders by reason of the inability of the corporation to pay the claims against it, he sold his stock *bona fide* for the full consideration of $1,500; and the transfer of his stock was regularly made upon the books of the company to a party that is unable by reason of insolvency to pay the assessment made against him.

The attorneys for Ramsey deny his liability under the provisions of this statute, while the attorneys of Swift & Company claim this statute is unconstitutional for the reason that it violates Sec. 3, Art. 13 of the constitution and is therefore wholly inoperative.

It is conceded that the Supreme Court has distinctly decided in two cases under the statutes that preceded the act of April 29, 1902, that the stockholder became liable at least as guarantor or surety from the date that the debt was contracted, and that a subsequent sale and transfer of his stock, although *bonafidely* made, did not release him. *Brown* v. *Hitchcock,* 36 Ohio St. 667, 678; *Harpold* v. *Stobart,* 46 Ohio St. 397 [21 N. E. Rep. 637; 15 Am. St. Rep. 618].

It will be observed by reference to these cases that the court passed upon both the constitutional provision and the statute and it is claimed that the decisions were really based upon the provisions of the statute and that it is fully within the power of the general assembly to change the provisions of the statute.

The majority of the court is of opinion that these cases distinctly decide that, by the provision of Sec. 3, Art. 13 of the constitution, by its terms, independent of the statute, the liability of the stockholder attaches at the time the liability is incurred by the corporation and that that is the settled law of this state under the constitution, as construed by the Supreme Court and, therefore, the act of April 29, 1902 is in violation of the constitution of the state and wholly inoperative. The same holding should be made as to the act of April 25, 1904 (97 O. L. 390).

Finding and decree in favor of plaintiff against the defendant, David M. Ramsey.

**Laubie, J.,** concurs.

**Burrows, J.,** dissents.